IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARON WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3273 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| BRENDA FISHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jerome Davis, a pretrial detainee in the custody of the Lancaster County Jail. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Eighth Amendment standards.[1] Specifically, the plaintiff states that he had received medical treatment for his condition as HIV positive until, upon his arrival at the Lancaster County Jail in July of 2005, the defendants withdrew medical care. The plaintiff alleges that he is in danger of serious medical complications. Also before the court is filing no. 4, the plaintiff's Motion for a Preliminary Injunction to require the defendants to provide his prescribed medical treatment.

## Presumption of Official Capacity

The complaint does not state whether the two persons named as defendants in the complaint are sued in their individual capacity, official capacity, or both. In those circumstances, official capacity, *only*, will be presumed. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

---

[1]The Eighth Amendment's prohibition of cruel and unusual punishment applies only "after conviction and sentence." Graham v. Connor, 490 U.S. 386, 393 & n. 6 (1989). Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). Although a pretrial detainee's claim of inadequate medical care is brought under the Due Process Clause, such claims are analyzed in much the same way as a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need. Id.

1

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is, in reality, a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, the governmental employer of Mr. Thurber and Ms. Fisher, i.e., Lancaster County, Nebraska, is presently the only defendant in this case.

### Municipal Liability

It is important that the plaintiff understand the basis of a claim against the County, as opposed to a claim against individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county, or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

### Amendment

If suit against Lancaster County *only*, is not the plaintiff's intent, he may file an amendment to his complaint within 30 days of the date of this Order, specifying that the two County employees are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue those defendants in their individual capacity or in both capacities, the plaintiff shall request additional summons forms and Form 285s, as government employees are served in different locations in their individual and official capacities.

### PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures, including any appeal or "Step Two" grievance, before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. The court ordinarily does not conduct initial review until after a prisoner plaintiff has received an order granting leave to proceed in forma pauperis ("IFP") and the plaintiff has paid the specified initial partial filing fee. However, in this case, in light of the medical condition alleged by the plaintiff, initial review has been expedited. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.

If the plaintiff has received an order granting leave to proceed IFP by the time the summons forms are completed, he may return the completed forms to the court for service of process by the U.S. Marshal. Otherwise, the plaintiff's attorney may serve the forms on the defendants.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send a copy of this Order together with ONE summons form and ONE Form 285 to the plaintiff's attorney, to be completed for service of process on Lancaster County, Nebraska and on the other defendants in their official capacity (meaning also on the County).

2. The plaintiff's attorney may serve the summonses or may send the completed summons and 285 forms back to the Clerk of Court for service by the U.S. Marshal if the plaintiff has received leave to proceed IFP.

3. When completing forms for service of process on Lancaster County and County employees in their official capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states:

(2) Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process if the plaintiff is proceeding IFP. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of a summons and complaint on a defendant within 120 days of filing the complaint.

6.  If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.  After an appearance has been entered by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies on other parties by first class mail.

8  The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of court.

10.  A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint. In this case, the defendant(s) shall also respond to the plaintiff's Motion for a preliminary injunction within twenty (20) days of receipt of the summons and complaint.

DATED this 28th day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge