IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARON WELLS, | ) |
| | ) |
| Plaintiff, | )    4:05cv3273 |
| | ) |
| vs. | )    MEMORANDUM AND ORDER |
| | ) |
| BRENDA FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on filing no. 3, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Aron Wells, a pretrial detainee in the custody of the Lancaster County Jail. The court has received a certified copy of the plaintiff's trust account information (filing no. 7). The plaintiff is permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951 (D. Neb. 2001).

Usually, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. However, 28 U.S.C. § 1915(b)(4) states:

In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Therefore, when, as in this case, a prisoner has no funds with which to pay an initial partial filing fee, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. See generally Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

In accordance with 28 U.S.C. § 1915(b)(2), a prisoner plaintiff "make[s] monthly payments of 20 percent of the preceding month's income credited to the prisoner's

1

account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  Thus, the statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the court when sufficient funds exist in the plaintiff's inmate trust account, in accordance with the statutory formula.

The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution.  The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001) .

THEREFORE, IT IS ORDERED:

1. That filing no. 3, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted as set forth above;

2. That the Clerk of Court shall send a copy of this order to the appropriate financial official for the plaintiff's institution;

3. That the plaintiff shall keep the court informed of his current address at all times, and that all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules, while this case is pending.

DATED this 29TH day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge