IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARON WELLS, | ) |
| Plaintiff, | ) 4:05cv3273 |
| vs. | ) MEMORANDUM AND ORDER AND ORDER SETTING SCHEDULE FOR INITIAL PROGRESSION OF CASE |
| BRENDA FISHER, et al., | ) |
| Defendants. | ) |

This matter is before the court on review of the Amended Complaint (Filing No. 8) of the plaintiff, Aron Wells, who filed this action as a pretrial detainee in the custody of the Lancaster County Jail.  The plaintiff, who is represented by counsel, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Eighth Amendment standards.  Specifically, the plaintiff states that he had received medical treatment for his condition as HIV positive until, upon his arrival at the Lancaster County Jail in July of 2005, the defendants withdrew medical care.  The plaintiff alleges that he is in danger of serious medical complications.  Also before the court is Filing No. 4, the plaintiff's Motion for a Preliminary Injunction to require the defendants to provide his prescribed medical treatment.  The plaintiff seeks monetary, declaratory and injunctive relief against the defendants in their individual and official capacities.

The parties have met and conferred and have filed their Report of Parties' Planning Conference (Filing No. 17).  Upon review of filing nos. 4 and 17, the court finds that the most fair and efficient approach to management of the issues presented by this litigation will be to consolidate the plaintiff's request for preliminary injunctive relief with trial on the

merits of the plaintiff's claims and to advance the trial on the merits in accordance with Fed. R. Civ. P. 65(a)(2). Therefore, in lieu of holding an additional hearing on the motion for a preliminary injunction, the court will expedite the progression of this case as set forth below.

IT IS THEREFORE ORDERED:

1. That Filing No. 4, the plaintiff's Motion for a Preliminary Injunction, is granted insofar as the plaintiff's request for preliminary injunctive relief is consolidated with trial on the merits of the plaintiff's claims, and trial on the merits will be advanced in accordance with Fed. R. Civ. P. 65(a)(2), assuming dispositive motions are not granted in the interim, and Filing No. 4 is otherwise denied at this time, without prejudice; and

2. That the progression of this litigation shall be expedited in accordance with the following schedule:

a. *Amending Pleadings*. The court does not anticipate any additional motions to add parties or amend pleadings.

b. *Mandatory Disclosures*. It appears from Filing No. 17 that the parties have already exchanged the mandatory disclosures described in Fed. R. Civ. P. 26(a)(1). If not, they shall do so by **April 26, 2006**. The filing of disclosures under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.

3. *Withholding Documents from Disclosure or Discovery*. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document

withheld:  a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

4.     *Limits on Discovery*.   Each party is limited to serving fifty (50) interrogatories, including subparts, on any other party.   If necessary, the parties may ask the court for leave to serve additional interrogatories.  The defendants, as a group, and the plaintiff are each limited to taking ten (10) depositions in this case, without leave of court.

5.     *Identify Experts*. All parties will identify experts (i.e., without the full reports required by Fed. R. Civ. P. 26(a)(2)) on or before **July 15, 2005**.

6.     *Deposition Deadline*.  All depositions, whether or not they are intended to be used at trial, shall be completed by **August 15, 2006**.  All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

7.     *Dispositive Motions*.  To save time, no motions to dismiss or other motions based on pleadings are anticipated by the court, and all motions for summary judgment shall be filed by no later than **August 30, 2006**.  The defendants may file two motions for summary judgment if the first such motion deals with qualified immunity and is denied, and if the second motion for summary judgment is filed by no later than **August 30, 2006**.

8.  *Conferences and Trial.*  A planning conference, the pretrial conference and the trial of this matter will be set by further order(s) of the court.

9.  *Change of Dates.*   Any request for a change of date or deadline shall be agreed to by counsel for all parties and shall be addressed to Magistrate Judge F. A. Gossett.

DATED this 3rd day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge